SIDNEY LOEVIN, Appellant, *v.* SULLIVAN CONSTRUCTION CO., INC.,
Respondent.

Supreme Court, Appellate Term, First Department, May Term — Filed June, 1923.

Brokers — commissions for procuring contract — when dismissal of complaint improper.

Where upon a trial of an action to recover a commission for procuring a contract for the construction of a house by one L., there was no evidence that defendant would ever have heard of L. had it not been for plaintiff, a judgment entered upon the dismissal of the complaint upon the ground that plaintiff was neither the direct nor indirect cause of defendant's getting the contract, will be reversed and a new trial ordered.

Whether all the antecedent facts established on the trial were an indirect, competent, producing cause of the contract between L. and the defendant, was a question for the jury.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district, entered upon the dismissal of the complaint. The court refused to let the case go to the jury.

*Alexander & Ash* (*Edward Ash*, of counsel), for appellant.

*Pallister, Greene & O'Connell* (*R. D. O'Connell*, of counsel), for respondent.

WHITAKER, J.   Prior to May 4, 1922, the plaintiff was negotiating with one Moses Light concerning the building of a two-family house at New Rochelle upon a lot plaintiff had previously been instrumental in selling to Light.

On May 4, 1922, the defendant wrote plaintiff a letter stating that if plaintiff procured a contract for the construction of a house by Light in New Rochelle according to plans and specifications to be submitted by the defendant, defendant would pay plaintiff a commission of $1,000 out of the contract price of $8,000, the commission to be divided up into payments as payments were received from the customer.   On May sixth the defendant wrote plaintiff the following letter:

" Mr. SIDNEY LOEVIN,
        " c/o Loevin's Realty Co.,
                " 558 West 125th St., New York, N. Y.:

" As per our verbal agreement of this date, May 6, in addition to the double house to be constructed for Mr. Moses Light, of Stevens Park, New Rochelle, N. Y., on which I wrote you a letter yesterday, advising you that your commissions shall be $1,000 on the said double house, and any house in addition or additional

houses, that Mr. Moses Light or his representative build at New Rochelle.

" I promise to pay you a commission of 10%. I further also state that any additional contracts that you bring to the Sullivan Construction Co., directly or indirectly, to pay you a commission of 10%. All commissions are to be paid in proportion to the payment we receive from the owners.

" Yours very truly,
" Sullivan Construction Co., Inc.
" by A. J. Sullivan, *President.*"

The house or houses in New Rochelle were never built for the reason that the character of the house or houses contemplated by the parties was not permitted by the city of New Rochelle in the particular neighborhood where Mr. Light owned the building lots. So the New Rochelle scheme fell through. Plaintiff left the city and was gone for some considerable time. In August, Light bought a building lot on Kruger avenue, Bronx, and had previously told the defendant that he, Light, was trying to get a plot to build on. The first knowledge that Light ever had of the defendant was through plaintiff. On August sixteenth the defendant entered into a contract to build a house for Light on the lot on Kruger avenue, Bronx, for the sum of $8,000. The defendant refuses to pay the commission mentioned in the letter of May sixth.

The court dismissed the complaint upon the ground that plaintiff was neither the direct nor indirect cause of defendant's getting the contract to build the house for Light.

We think the court erred.

There is no evidence in the case that the defendant would have ever heard of Light had it not been for plaintiff.

The ultimate result or effect of the plaintiff introducing Light to the defendant for the purpose of enabling defendant to get the contract for the building of a house in New Rochelle was the contract to build the house in The Bronx.

There were no other intervening causes or circumstances shown in the record which tended to bring about the entering of Light and defendant into the contract to build the Bronx house. The continuation of the original negotiations between Light and defendant resulted in the contract, upon which plaintiff claims his commission; and the construction of the contemplated house in The Bronx instead of New Rochelle.

The plaintiff does not claim that his original introduction of Light to the defendant was the proximate cause, but the " indirect "

cause.   Inasmuch as the question was whether or not all the antecedent facts established in the record were an indirect, competent, producing cause of the contract between Light and the defendant, the question should have been submitted to the jury.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

GUY, J., concurs; MULLAN, J., concurs in result.

Judgment reversed.